UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BOISEY CALDWELL,

              Plaintiff,

-against-

GERALD M. COHEN; JOHN L. NORINSBEG;
STEPHEN NEUWIRTH; ELINOR SUTTON;
QUIANA SMITH-WILLIAMS; RACHEL
SELIGMAN WEISS; SUZANNA PUBLICKER
MATTHAM; DANIAL PASSESER,

              Defendants.[1]

21-CV-5039 (LTS)

ORDER OF DISMISSAL AND
TO SHOW CAUSE UNDER
28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, appearing *pro se*, brings this action asserting claims for violations of his constitutional rights and purporting to charge defendants with criminal conduct, including fraud and intentional misrepresentation. Plaintiff sues attorneys involved with the class action suit, *Stinson et al v. The City of New York,* 1:10-CV-04228, 343 (RWS) (S.D.N.Y. June 19, 2017) (settled). Plaintiff's prior suit asserting the same claims against one of the same attorneys was dismissed, and he was warned not to continue filing meritless actions. See *Caldwell v. Sutton*, 1:19-CV-5236, 31 (VEC) (S.D.N.Y. July 20, 2020).

      By order dated June 22, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.

---

[1] Plaintiff has misspelled the names of several defendants: John L. Norinsberg is sued herein as Norinsbeg; Suzanna Publicker Mettham is sued as Mattham; and Daniel Louis Passeser is sued as Danial.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court

must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

In *Stinson et al,* 1:10-CV-04228-RWS (S.D.N.Y.), attorneys from Quinn Emmanuel Urquhart & Sullivan LLP, and the Law Office of John Norinsberg brought a class action suit on behalf of "individuals who were issued C Summonses by the NYPD that were later dismissed upon a judicial finding of facial or legal insufficiency by the court prior to trial, and whose C Summonses were issued without probable cause during the Class Period." The *Stinson* class action settled and, in 2017, the Court approved awards of compensatory damages for class members in amounts up to $150.00 per eligible summons, subject to the terms of the Settlement Agreement, and $15,000 to the named class representatives. (*Stinson*, 1:10-CV-04228, ECF No. 338.)

Plaintiff did not file paperwork to opt out of the class action, but he objected to the settlement amount in advance of the fairness hearing and, after his objections were overruled, Plaintiff filed a claim form. *See Caldwell v. Sutton*, 1:19-CV-5236, 31 (VEC) (S.D.N.Y.) (order granting defendant's motion to dismiss and taking judicial notice of court records and documents attached to complaint).

A few months after the June 2017 settlement in *Stinson*, Plaintiff filed a civil rights action for damages, *Caldwell v. City of New York*, No. 17-CV-7808, 2 (JMF) (S.D.N.Y. filed Oct. 11, 2017), in which he appeared to object to the amount of the *Stinson* settlement. Judge Furman dismissed Plaintiff's "inscrutable" 61-page complaint, construing it as asserting claims arising from summonses that police officers had issued to Plaintiff on three different dates: April 6, 2014; August 22, 2014; and January 12, 2016. Judge Furman noted that the complaint had multiple defects, including that Plaintiff failed to plead facts that stated a claim on which relief

can be granted, and that the claims were either time-barred, or barred by the terms of the *Stinson* settlement. 17-CV-7808, ECF 37 (Order at 2-3.)[2]

Plaintiff then sued Elinor Sutton, who had been co-lead counsel in *Stinson*, alleging that, by including him in the class settlement, she was "not allowing [him] to have equal protection." *Caldwell*, 1:19-CV-5236, 2 (VEC). Plaintiff argued in that action that he had "expressed withdrawal" from the *Stinson* settlement by stating that he did "not accept the[] agreement." *Id.*[3] Judge Caproni rejected this argument, concluding that the allegations of the complaint showed that "Mr. Caldwell did not opt out of the class; instead, he objected at the fairness hearing and ultimately submitted a claim form" for compensation. (*Id.* at 3.) Judge Caproni held that Plaintiff could not state a claim that counsel in *Stinson* had violated his right to Equal Protection, among other reasons, because a private attorney is not a state actor. Moreover, in light of Judge Sweet's recognition of the "strength of the representation provided to the Class," Judge Caproni found no basis for a collateral attack on the settlement. (ECF No. 31 (Order of Dismissal at 6 (citing *Stinson*, 256 F. Supp. 3d at 297)). Judge Caproni therefore dismissed the action, and the Second Circuit thereafter dismissed the appeal as lacking "an arguable basis either in law or in fact." *Caldwell v. Sutton*, No. 20-2625 (2d Cir. Dec. 23, 2020). Plaintiff then moved in the district

---

[2] Plaintiff's appeal from the order of dismissal in 17-CV-7808 (JMF) was "DISMISSED because it 'lacks an arguable basis either in law or in fact.' *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)." *Caldwell v. City of New York*, No. 18-2753 (2d Cir. Jan. 16, 2019).

[3] In the memorandum in support of the motion to dismiss, counsel noted that Caldwell called Sutton in connection with the *Stinson* action, and she was eventually granted a restraining order in state court prohibiting Caldwell from contacting her; among other things, Sutton asserted that Caldwell stated in a phone call to her, "Your life means nothing to me bitch. I'll be there soon." (19-CV-5236, ECF 15 at 6.)

4

court for reconsideration of the order of dismissal, which Judge Caproni denied. *Caldwell*, 1:19-CV-5236, 38.[4]

In this complaint, Plaintiff reasserts his allegations that *Stinson* class counsel (including Sutton) treated him unlawfully:

> [A]ll of the above-named defendants misrepresented me fraudulently in their 'class action' and they knew that they were denying me equal and impartial justice under the law; whereas I am not a member of their class because members of the class had their cases dismissed for facial insufficiencies and other defects while I took my cases to trial and won. This is the distinguishing characteristic about my case though I was subjected to Fourth Amendment violations. . . . Those attorneys mentioned above . . . are guilty of conduct which violates the constitution. Their conduct violates the constitution, their acts of Fraud and deceit.

(ECF 2 at 1.)

Moreover, he invokes "Model Penal Code § 224" and argues that "when the conduct is willfu[l] it may be a crime, and it [is] intentional deception." (*Id.*) Plaintiff alleges that *Stinson* counsel and defendants' attorneys "had a meeting on the matters because they were conspiring together . . . knowingly and intentionally" and that they "violated all [of his] rights to constitutional protection." (*Id.* at 3.)[5]

Plaintiff also argues that his prior civil suits were wrongly decided. Plaintiff contends that his rights were violated in his suit under docket number 17-CV-7808 (JMF), because his summonses "were not dismissed as in accordance with the Stipulation and Agreement of the *Stin[s]on* deal" and he is "not a member of the Class legally." (*Id.* at 17.) Moreover, he contends

---

[4] Judge Caproni further noted that Caldwell had filed at least fifteen actions and been warned more than once that "further frivolous or otherwise nonmeritorious litigation in this Court would result in an order barring Plaintiff from filing new actions *in forma pauperis* without prior permission." (ECF 31 at 6.)

[5] Plaintiff attaches to his complaint various documents, many of which are barely legible: One document appears to show that, on December 23, 2014, Plaintiff was convicted of disorderly conduct in the Supreme Court of the State of New York, Bronx County (ECF 1 at 9), and another seems to refer to an incident on August 20, 2014 (*id.* at 5).

5

that Judge Caproni "ignored the court document that was stamped with these words 'Acquitted after trail [sic].'" (*Id.*) Finally, Plaintiff states that "[t]here is a policy that the Department of Law is hiding because they are denying me equal protection of the law." (*Id.*) Plaintiff names as defendants counsel for the plaintiff class in *Stinson* (Elinor Sutton, Gerald M. Cohen, John L. Norinsberg, and Stephen Neuwirth), and attorneys from the New York City Law Department who represented defendants in *Stinson* (Quiana Smith-Williams, Rachel Seligman, Suzanna Mettham, and Daniel Passeser). Plaintiff does not specify the relief that he seeks.

## DISCUSSION

### A.  Prosecuting Criminal Charges

An individual generally does not have a legally cognizable interest in having "someone else arrested for a crime." *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 768 (2005). Plaintiff cannot initiate the arrest or prosecution of an individual in this Court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Moreover, a prosecutor's discretionary authority to bring criminal actions is "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Plaintiff's allegations that Defendants engaged in criminal acts of fraud and misrepresentation in violation of the New York Penal Code must therefore be dismissed for failure to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### B.  Claims Against Private Attorneys

The Court construes Plaintiff's claims that Defendants violated his constitutional rights as

6

arising under 42 U.S.C. § 1983. A claim for relief under section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)). "A litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) (citation omitted).

As Plaintiff was advised when Judge Caproni dismissed Plaintiff's first suit against attorney Elinor Sutton in *Caldwell*, 1:19-CV-5236, 31 (VEC), "a private attorney is not a state actor." *Sklodowska-Grezak v. Stein*, 236 F. Supp. 3d 805, 809 (S.D.N.Y. 2017) (quotation omitted); *Licari v. Voog*, 374 F. App'x 230, 231 (2d Cir. 2010) ("[P]rivate attorneys—even if the attorney was court appointed—are not state actors for the purposes of § 1983 claims."). Because Defendants Elinor Sutton, Gerald M. Cohen, John L. Norinsberg, and Stephen Neuwirth are private parties who do not work for any state or other government body, Plaintiff has not stated a claim against these defendants under section 1983.

Plaintiff also sues the government attorneys who represented the defendants in *Stinson*, and seems to suggest that they conspired with the attorneys for the plaintiff class. Plaintiff may be attempting to show that because of the alleged conspiracy, the private attorneys qualified as state actors. "To state a claim against a private entity on a section 1983 conspiracy theory, the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act." *Ciambriello*, 292 F.3d at 324 (quoting *Spear v. Town of West Hartford*, 954 F.2d 63, 68 (2d Cir.1992)). "A merely conclusory allegation that a private

entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity." *Id.*

Plaintiff's allegations that all Defendants "were conspiring together . . . knowingly and intentionally" and that they "violated all [of his] rights to constitutional protection" (ECF 1 at 3) are wholly conclusory. These allegations thus fail to show that Defendants conspired or that the private attorneys "acted in concert" such that they can be deemed state actors. Moreover, Plaintiff's conspiracy allegations are particularly implausible in light of the adversarial nature of the roles of the supposed conspirators –that is, between counsel for plaintiffs and counsel for defendants in *Stinson*. *See Ciambriello*, 292 F.3d at 324 ("[A]llegations of conspiracy ring especially hollow in light of the adversarial relationship between" the alleged conspirators). The Court therefore dismisses Plaintiff's claims against Defendants Sutton, Cohen, Norinsberg, and Neuwirth for failure to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Moreover, even if Plaintiff is unsatisfied with the 2017 settlement agreement, it is frivolous for him to repeatedly sue the attorneys who achieved the settlement after his suit against Sutton based on the same claims had already been dismissed.[6] Plaintiff's claims are therefore also dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).

C.     **Claims Against New York City Law Department Attorneys**

Plaintiff does not plead any facts showing that New York City Law Department attorneys Smith-Williams, Seligman, Mettham, and Passeser violated Plaintiff's rights. Although Plaintiff

---

[6] Plaintiff's claims against Defendant Sutton fail for the additional reason that they are barred by claim preclusion. *See Brown v. Felsen*, 442 U.S. 127, 131 (1979) (claim preclusion bars a litigant from bringing a new case that includes claims or defenses that were, or could have been, raised in an earlier case between the same parties if that case resulted in a judgment on the merits).

has described himself as a "victim" of the settlement agreement in *Stinson*, *Caldwell*, 1:19-CV-5236, 31 (VEC), he does not plead any facts about what Defendants Smith-Williams, Seligman, Mettham, or Passeser personally did or failed to do that violated Plaintiff's constitutional rights. Plaintiff thus fails to state a claim against these defendants in their individual capacities.

Plaintiff alleges generally that "[t]here is a policy that the Department of Law is hiding because they are denying me equal protection of the law." This appears to relate to Plaintiff's claim that he was not a member of the class in *Stinson*, even though it has already been resolved that the *Stinson* settlement governed at least some summonses that Plaintiff received. In any event, Plaintiff's allegations that the New York City Law Department has a policy of denying him Equal Protection fail to state a claim on which relief can be granted because he alleges no facts demonstrating that he has been denied equal protection. The Court therefore dismisses Plaintiff's claims against Defendants Smith-Williams, Seligman, Mettham, or Passeser, whether in their individual or official capacities. 28 U.S.C. § 1915(e)(2)(B)(ii).

D.     **Supplemental Jurisdiction of State Law Claims**

A district court may decline to exercise supplemental jurisdiction of state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which

9

district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

**E.      Leave To Amend**

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). But a court has inherent power to dismiss without leave to amend or replead in "where … the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (citation omitted), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123-24 (2d Cir. 2011); *see also Shapiro v. McManus*, 136 S. Ct. 450, 455-56 (2015) (holding that federal-question jurisdiction is lacking where the claims are "wholly insubstantial and frivolous," "essentially fictitious," or "obviously without merit" (internal quotation marks and citations omitted)). Here, no useful purpose would be served by granting Plaintiff leave to amend his complaint, and the Court therefore declines to do so.

**F.      Litigation History and Proposed Bar on Proceeding In Forma Pauperis**

Plaintiff has been warned on multiple occasions that continuing to engage in meritless filings will result in limitations on his ability to bring new actions without prepaying the filing fee. *See, e.g.*, *Caldwell*, 1:19-CV-5236 (ECF 31 at 6) (VEC) (noting that plaintiff had repeatedly been warned that "further frivolous or otherwise nonmeritorious litigation in this Court would result in an order barring Plaintiff from filing new actions *in forma pauperis* without prior permission" and that "this case further cements the appropriateness of that warning"). Despite Judge Caproni's warning, Plaintiff again sues Defendant Sutton on the same claims that Judge Caproni dismissed with prejudice in the case under docket number 1:19-CV-5236 (VEC).

10

In light of Plaintiff's litigation history and abuse of the privilege of proceeding *in forma pauperis*, Plaintiff is ordered to show cause why he should not be barred from filing any further actions in this Court *in forma pauperis* without first obtaining permission from this Court to file his complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard.").

Within thirty days of the date of this order, Plaintiff must submit to the Court's Pro Se Intake Unit a declaration setting forth good cause why the Court should not impose this injunction upon him. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why this injunction should not be entered, he will be barred from filing any further actions *in forma pauperis* in this Court unless he first obtains permission from this Court to do so.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) (i), (ii). Within thirty days of the date of this order, Plaintiff must submit to the Court's Pro Se Intake Unit a declaration setting forth good cause why the Court should not bar him from proceeding any further actions *in forma pauperis* without first obtaining leave of court. A declaration form is attached to this order. If Plaintiff submits the completed declaration, it should bear the docket number 21-CV-5039 (LTS).

The Clerk of Court is directed to hold this matter open on the docket and not enter judgment for 30 days. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Dated: July 26, 2021
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge