UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BOISEY CALDWELL,

                Plaintiff,

-against-

GERALD M. COHEN, et al.,

                Defendants.

21-CV-5039 (LTS)

BAR ORDER UNDER
28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff filed this action *pro se*, suing attorneys involved with the class action suit, *Stinson et al v. The City of New York,* 1:10-CV-04228, 343 (RWS) (S.D.N.Y. June 19, 2017) (settled). Before Plaintiff filed this suit, his prior action asserting the same claims against one of the same attorneys was dismissed, and Plaintiff was warned not to continue filing meritless actions. *See Caldwell v. Sutton*, 1:19-CV-5236, 31 (VEC) (S.D.N.Y. July 20, 2020); *see also Caldwell v. City of New York*, No. 17-CV-7808, 2 (JMF) (S.D.N.Y. filed Oct. 11, 2017) (complaint objecting to *Stinson* settlement).

    On July 26, 2021, the Court dismissed this action and directed Plaintiff, within thirty days, to show cause by declaration why he should not be barred from filing further actions *in forma pauperis* (IFP) in this Court without prior permission. Plaintiff filed a declaration and letter in response on August 4, 2021, but his arguments against imposing the bar order are without merit. Accordingly, the bar order will issue.

## DISCUSSION

    In his declaration opposing the proposed bar order, Plaintiff continues to argue that he is not bound by the *Stinson* settlement. Plaintiff notes that he never cashed the settlement check issued to him. Plaintiff also contends that he doesn't qualify as a class member because, in 2014, he was acquitted of certain charges against him after trial (ECF 8 at 3) and was found guilty of

2

other charges (*id.* at 4); in contrast, *Stinson* class members had been issued summonses without probable cause that were dismissed as facially or legally insufficient. Plaintiff's challenge to his inclusion in the *Stinson* settlement was resolved in *Caldwell*, 1:19-CV-5236, 31 (VEC) (S.D.N.Y. July 20, 2020), and his appeal from that decision was dismissed. *See Caldwell v. Sutton*, No. 20-2625 (2d Cir. Dec. 23, 2020) (appeal "DISMISSED because it 'lacks an arguable basis either in law or in fact.' *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)."). It is unclear what Plaintiff believes he will gain by establishing that he is not a member of the *Stinson* settlement.[1] Plaintiff may disagree with the determination that, by filing a claim form, he lost any opportunity to separately litigate his claims covered by the *Stinson* settlement, but this does not provide a basis for his repetitive filing of suits against the attorneys involved in *Stinson*.

Plaintiff further argues that *Stinson* class counsel Sutton "is ugly just like her actions in this unlawful deal entitled the *Stinson* deal" (ECF 8 at 7); that he "never threatened Elinor Sutton [and] that is why the case [against him for allegedly threatening her] was dismissed and there is no order of protection . . . ." (*id.*); and that he just "told her that [he] is not a member of the class and that [he is] not going to cash this check" (*id.* at 15).

Plaintiff's arguments have been foreclosed by prior litigation and are otherwise without merit. The Court therefore bars Plaintiff from filing future civil actions *in forma pauperis* in this Court without first obtaining from the Court leave to file.

---

[1] As the district court noted in *Caldwell*, No. 17-CV-7808, 2 (JMF), the statute of limitations for a civil rights action under 42 U.S.C. § 1983 is three years. The Court therefore notes that any civil rights claims that Plaintiff might wish to litigate on his own behalf for unlawful "stop and frisk" incidents during the class period are likely time-barred and cannot proceed, whether or not he is bound by the *Stinson* settlement.

3
## CONCLUSION

The Court hereby bars Plaintiff from filing future civil actions *in forma pauperis* in this Court without first obtaining from the Court leave to file. *See* 28 U.S.C. § 1651. Plaintiff must attach a copy of his proposed complaint and a copy of this order to any motion seeking leave to file. The motion must be filed with the Pro Se Intake Unit of this Court and be titled Motion For Leave To File New Case IFP. If Plaintiff violates this order and files an action without filing a motion for leave to file, the Court will dismiss the action without prejudice for failure to comply with this order.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 17, 2021
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge